[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 668 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 669 
It may be questioned, I think, in a case like this, where the defendant's liability depends entirely upon the fact of his indebtedness to a third person, and that is the issue, whether it is necessary for the judge who tries the cause to state in his decision the finding of any fact other than the existence of the indebtedness. That, in such a case, is the fact, from which the legal conclusion of the defendant's liability to the plaintiff flows. In ordinary actions between debtor and creditor, the question of the indebtedness of the defendant to the plaintiff is rather a question of law, depending upon antecedently established facts, than a question of fact. In such a case the conclusion of the indebtedness embraces the entire issue of fact and of law. Not so here. When the fact of the indebtedness is found, the question of law arises whether, by reason thereof, the defendant is liable to the plaintiff. This was evidently the view of the learned judge who tried the cause, and I am inclined to the opinion that he was quite correct. *Page 670 
But if we were to hold that what the judge has designated as a fact found, was in reality but a conclusion of law, and that his decision contained no finding of facts, I do not see how that is to aid the appellant. That is no ground for the reversal of a judgment, unless, perhaps, in a case where there was no evidence upon which any fact could have been found to justify the legal conclusion and the judgment. The appeal alone does not bring up the question whether all the material facts necessary to sustain the legal conclusion are contained in the finding of the judge.Viele v. Troy Boston Railroad Company (20 N.Y.R. 184), was a case where there was no statement of any finding of facts, and this court held that nothing was to be presumed against the correctness of the judge's decision from that circumstance, but that the party obtaining the judgment in such a case was entitled to that inference, from the facts proved, which was most favorable to him. It is not in itself a defect which affects the validity of the judgment. If the appellant wished to have a finding of the controverted facts, between the defendants, Coe and Naylor, stated in the decision of the judge, his course obviously was to apply to the court or judge to have the facts found in respect to those questions stated in the decision. He might have applied to have the findings, as he now insists they ought to have been, inserted and stated as the findings of fact, if there was no statement of the facts found, or that the facts which were found should be stated in the decision. He can not lie by, and avail himself of the mere omission to make a statement of all the facts which he may regard as necessary or material on appeal. The presumption is that the judge found all the facts which are necessary to sustain the conclusion of the existence of the indebtedness, whether that conclusion is to be regarded as one of fact or of law. And upon referring to the opinion of the judge who tried the cause, at general term, we see that he found a state of facts, from *Page 671 
the evidence, which would abundantly sustain the conclusion of indebtedness. It can not be pretended that the case is entirely destitute of evidence tending to prove those facts. This court will not look into the evidence, beyond that, to see what, in their opinion, the findings of fact ought to have been. The judgment is, therefore, right, and must be affirmed.