ROBERT W. CHUBBUCK, Appellant, *v.* BRADLEY B. VERNAM, Respondent.

A party who seeks to open a settlement of accounts, on the ground of mistake, assumes the burden of proving distinctly wherein the mistake consisted, and of furnishing the data by which it may be corrected.

To sustain the conclusions of law of a referee in his report, not only the facts actually found, but also, if necessary for that purpose, all such other facts as the evidence tended to prove and the referee might have found, will be assumed; and where the case contains none of the evidence and only the findings of fact and conclusions of law of the referee, an exception to the conclusion of law, as not authorized by the facts found, is not good.

(Argued March 29th, 1870; decided June 22d, 1870.)

APPEAL from a judgment entered upon the decision of the General Term of the Supreme Court in the fourth judicial district, affirming a judgment entered upon the report of George W. Kirtland, Esq., referee.

On the 30th day of January, 1851, the defendant and Henry Marshall entered into partnership to buy produce in Saratoga county and ship the same to New York for sale. They continued the partnership business until March 8th, 1853, when they dissolved and had a final settlement. The defendant took the assets and assumed the liabilities of the firm, refunding to Marshall all the capital he had invested less his share of losses. On the 10th of December, 1855, Marshall, claiming that there was a mistake in said settlement, assigned all his claims on account thereof to Samuel A. Bullard.

On the same 8th day of March, the defendant and the plaintiff entered into partnership in the same kind of business, and by an arrangement between themselves the firm took a portion of the assets of the prior firm and assumed a portion of its liabilities. The new firm continued business until September, 1854, when the partners dissolved and had a final settlement. The defendant took the assets and assumed the liabilities of the firm, paying the plaintiff his share of profits and refunding to him the capital he had invested. On the 11th day of December, 1855, the plaintiff, claiming that there was a mistake in said settlement, assigned all his claims on account thereof to Bullard. In January, 1856, Bullard commenced this action, to set aside both of the settlements on the ground of mistake and fraud, and to have the accounts of the two firms readjusted. The cause was put at issue and referred to a referee. It was tried and judgment rendered for the defendant. Bullard, as plaintiff, appealed to the General Term, and pending the appeal he assigned the cause of action to the present plaintiff, Chubbuck, and in September, 1862, an order was entered substituting him as plaintiff in the action. The General Term affirmed the judgment, and the plaintiff then appealed to this court.

*Edward F. Bullard,* for the appellant, argued that the facts found by the referee show a mistake in the settlement by plaintiff and defendant, and plaintiff, having made this settlement under a mistake of fact, is entitled to relief. (1

Story's Eq., §§ 140, 141, 142, 144.) So, also, if the defendant was mistaken and the error mutual. (*Rheil* v. *Hicks*, 25 N. Y., 291.) If the defendant knew of the error, the settlement will be opened on the ground of fraud. (*Thomas* v. *Beebee*, 25 N. Y., 244.) Defendant is responsible for his representations, even if he did not know them to be false. (*Bennett* v. *Judson*, 21 N. Y., 238.)

*Samuel Hand* and *Miles Beach*, for the respondent, insisted that the settlements were equivalent to accounts stated and paid without objection, and no relief will be granted without strong and conclusive evidence of error. (*Lockwood* v. *Thorne*, 11 N. Y., 170; *Same* v. *Same*, 18 id., 285.) There being no fraud shown, plaintiff must specify the particular errors against which relief is sought, and furnish the data for their correction. (*Bruen* v. *Hone*, 2 Barb., 586, 592.) They also insisted that no error was shown, and the exceptions presented no question of law to the court.

EARL, Ch. J. The case does not contain the evidence given on the trial, and it is sought to review the judgment upon the findings of the referee. The referee, in the first instance, made a brief general report, in which he simply found there was nothing due to the plaintiff, and he ordered judgment to be entered in favor of the defendant. From this we are bound to infer that he found all the issues of fact against the plaintiff. Upon this report judgment was entered against the plaintiff. After this general report was made, the referee was procured to make other findings, which were annexed to the judgment roll. In reference to the first settlement it is said: "The conclusions of fact found by the referee are as follows." Then certain facts are found closing as follows: "The referee therefore found, as a conclusion of law, that there was not sufficient evidence of fraud or mistake to open the settlement between Vernam and Marshall. To which decision the plaintiff duly excepted." Then, in reference to the last settlement, it is said: "The referee fur

ther found, as conclusions of fact, as follows." Then, again, certain facts are found, closing as follows: " The referee found, as conclusion of law, that there was not sufficient evidence of mistake or fraud to open the accounts between Vernam and Chubbuck. To which decision the plaintiff's counsel duly excepted." These two exceptions are the only ones we are called upon to consider. The referee has found that there was not sufficient evidence of fraud or mistake to open either of the settlements. Yet we are asked, without having the evidence before us, to find that the referee erred, and that there was sufficient evidence. It is not stated that the conclusion of law was based upon the facts inserted in the case as found by him. Nor is it stated that such facts were all the facts proved to the satisfaction of the referee. How, then, can we say that the referee erred in his conclusions of law? Upon what data could we base such a decision? A party seeking to uphold the report of a referee is entitled to the benefit, not only of the facts actually found by the referee, but also, if necessary to sustain the conclusions of law found by the referee, to all such facts as the evidence tended to prove, and as the referee might have found in his favor. Hence, without examining this case further, there would be abundant reason for affirming the judgment.

But if we assume that the facts inserted in the case as found by the referee are all the facts found by him, and upon which he based his conclusions of law, I can still see no reason for disturbing the judgment. The plaintiff was seeking to open two settlements which had been deliberately made, and the burden was upon him to show fraud or mistake. It is not claimed that the facts found by the referee show any fraud, but it is claimed that they show mistake in the last settlement. It was not incumbent upon the defendant to show that this settlement was correctly made, nor to furnish upon this trial the data from which the referee could see how the settlement was made. But it was for the plaintiff, resting upon an allegation of mistake, to show wherein that mistake consisted, to point it out distinctly, and to fur-

nish the data by which it could be corrected. (*Bruen* v. *Hone*, 2 Barb., 586; *Lockwood* v. *Thorne*, 11 N. Y., 170.) The most that plaintiff can claim is, that it is difficult, perhaps impossible, from the facts found, to see how the parties made the settlement as they did. The case was tried nearly two years after the settlement, and some of the books used at the settlement had been lost or destroyed, and it may be that the parties could not produce upon the trial all the data which they had at the settlement. But if there was any mistake, wherein did it consist? I am unable to answer this question. With the referee, I cannot find sufficient evidence to show it. It is true the referee finds that plaintiff believed that exhibit 13 contained all the assets of the firm and a correct statement of its condition and the amount of profits, and that upon the faith thereof he made the settlement. That exhibit did not contain the real estate and boats, valued at $4,650, but it contained all the other assets, and that is doubtless what the referee meant; and the real estate and boats must have been arranged in some other way. It cannot well be claimed that they were omitted from mistake, as they were entered in the ledger account made up at the same time, a value was placed upon them, and the parties were figuring upon the accounts and negotiating about the settlement many days, and would not be likely to overlook by far the most important item of assets. The result shows, too, that those assets were not left out of the settlement. The following, I think, is as good an account of the assets and liabilities of the firm as can be made from the data furnished by the findings of the referee :

When Vernam & Chubbuck started business they assumed liabilities of the old firm to the amount of $10,582.80. They took the same amount of assets, as follows:

| | |
|---|---:|
| Assets at Mechanicsville ..................... | $7,438 41 |
| One-half of real estate and boats.............. | 2,750 00 |
| Debt against Vernam........................ | 394 39 |
| | $10,582 80 |

The firm then owed these liabilities, and owned these assets, and Vernam owned the other half of the real estate and boats. At the time of the settlement Chubbuck had in the firm, as capital, according to the ledger account.. $2,568 71

And Vernam ..................... $3,834 00

Besides his one-half of the real estate
and boats...................... 2,750 00
                                          ————————  6,584 00

When they settled they had assets, as
contained in exhibit 13.........$11,394 90

Real estate and boats............ 4,650 00
                                          ————————  $16,044 90

The firm liabilities, as shown by the
same exhibit, were, exclusive of
the capital..................... $4,346 93

Chubbuck's capital.............. 2,568 71

Vernam's capital ............... 6,584 00
                                          ————————  13,499 64

Balance of assets over liabilities.............. $2,545 26

Upon the facts found, I believe there are but two defects, which can be alleged against the foregoing statement. The referee finds, that the firm of Vernam & Chubbuck paid Vernam's check to Marshall for $520.39. It is not found, that this was not refunded to the firm by Vernam, or that he still remained indebted to the firm on account of it. And this sum was not charged to Vernam in the ledger account. It may, therefore, have been arranged in some way so that it was not proper to bring it into this settlement. Vernam, also, ought probably to be allowed interest upon the value of his half of the real estate and boats put in by him as capital for upward of a year.

But in any event, it is clear from the foregoing statement, that the real estate and boats could not have been left out of the settlement by mistake, and it is quite probable that there was no mistake at all. After looking over the account, and negotiating about the settlement for many days, the defendant

offered to give the plaintiff his capital, and $1,150 for his share of profits, and take all the assets, and assume all the liabilities, or he would accept the same offer if made to him by the plaintiff. And the plaintiff accepted his offer, and the settlement was closed. I can see no sufficient reason for opening this settlement, and upon all the grounds above stated, I am for affirming the judgment.

E. DARWIN SMITH, J. This action was brought to open two settlements between partners, on the dissolution of the firm, upon the ground of fraud and mistake. The referee before whom the case was tried, has found, as matter of fact, that there was no sufficient evidence adduced by the plaintiff to prove mistake or fraud, and the General Term has affirmed the judgment rendered for defendant upon this finding. The evidence is not brought up, so that the case cannot be reviewed here, if we were otherwise authorized to review it upon the facts. No error of law appears upon the record, and we can only affirm the judgment.

All concur for affirmance. Judgment affirmed.