THEODORE E. TOMLINSON, Appellant, *v*. THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW YORK,
Respondents.

Where the case contains only the report of the referees, without any of the evidence, the Appellate Court will not set it aside unless the report finds facts which render its conclusion erroneous. The report must show that facts exist which are inconsistent with its conclusions of law. Every presumption is in its favor. It is assumed to be right, and to be founded upon proof of every necessary fact.

(Argued May 4th; decided September 13th, 1871.)

APPEAL from an order of the General Term of the New York Common Pleas, reversing a judgment in favor of the plaintiff, entered upon the report of referees.

This action was brought in the Common Pleas of the city and county of New York, to secure certain fees as attorney and counsel for the defendants, alleged to be due and owing by them to the plaintiff. The defence was in substance, that the plaintiff was the corporation attorney for the defendants at the time of the rendition of the services in question; that the services were within his official duties, and compensation therefor was covered by the salary attached to the office. The case was referred to three referees. The case made by the defendants contained the report of the referees and exceptions thereto, but did not include the evidence or any part of it. The General Term of the Common Pleas reversed the judgment and ordered a new trial. The findings of the referees, so far as they are necessary to be stated, are given in the opinion of the court. The report concluded as follows: "And we find and report, as conclusions of law: 1st. That the services rendered by the plaintiff to the defendants were not part of the duties imposed on him as attorney to the corporation by

the ordinance of the 8th of May, 1848, but that such services were independent of such duties, and are not included in the compensation awarded for the performance of such duties by the ordinance of the 28th of November, 1848. 2d. That the plaintiff is entitled to recover the same," etc.

The plaintiff appealed from the order directing a new trial, stipulating that judgment absolute might go against him, in case of the affirmance of the order.

*Samuel Hand,* for the appellant, cited Code, § 268; *Hunt* v. *Bloomer* (13 N. Y., 341); *Johnson* v. *Whitlock* (id., 344); *East River Bank* v. *Kennedy* (4 Keyes, 279); *Van Blarcom* v. *Broadway Bank* (5 Trans. App., 136); *Lobdell* v. *Lobdell* (2 id., 366); *Baldwin* v. *Van Deusen* (37 N. Y., 487); *Shibley* v. *Angle* (id., 631); *Bradley* v. *Aldrich* (40 N. Y., 504); *Chubbuck* v. *Vernam* (42 N. Y., 432); *Ashley* v. *Marshall* (29 N. Y., 494); *Smith* v. *Coe* (id. 666); *Henry* v. *Kerr* (8 Bosw., 194); *McKeon* v. *Lee* (4 Robt., 449); *Grant* v. *Morse* (22 N. Y., 322); *Leveridge* v. *The Mayor* (3 Sandf., 263).

*Aaron J. Vanderpoel,* for the respondents, cited, Code, §§ 268, 272, 303; *Wendell* v. *City of Brooklyn* (29 Barb., 204); *Hodges* v. *City of Buffalo* (2 Den., 110); *Halstead* v. *The Mayor* (3 Comst., 435); *Van Schaick* v. *Winne* (8 How., 5); *Belding* v. *Conklin* (4 How., 199); *Mitchell* v. *Westervelt* (6 How., 268); *Nellis* v. *De Forest* (id., 413); *Montgomery Co. Bk.* v. *Albany City Bk.* (3 Seld., 465); *Garr* v. *Mariet* (1 Hilt., 498; *Moore* v. *Westervelt* (3 Sandf., 762); *Stow* v. *Hamlin* (11 How., 452); *Easton* v. *Taylor* (1 E. D. Smith, 318).

HUNT, C. If the services for which the plaintiff sues are a part of his official duties as corporation attorney, for which he received a salary, he ought not to recover. If they were not a part of the duties imposed upon him by that office, and were performed by him for the defendants and at their request, he is entitled to recover. The referees so state the proposi-

tion, and correctly. Acting under it, they find and report that the services were not in part performance of the duties imposed upon him as such officer, and have directed a judgment in his favor for the amount of his claim. This judgment the General Term has reversed. A judgment of a referee may be reversed for error in fact, or error in law. If upon a review of all the evidence, the General Term shall be of the opinion that the referee has drawn erroneous conclusions from the evidence, it may for that reason reverse his judgment. That is not the present case. Here, the evidence was not presented to the General Term. They were not asked to say that the referee had made erroneous conclusions of fact, as they had no means of judging on that point. (*Smith v. Coe*, 29 N. Y., 666.) What was the error in law for which the judgment was reversed? I do not understand the General Term to dispute the proposition, that if the plaintiff performed the services in question at the request of the defendants, and they were services not included within his duties as corporation attorney, he may recover for such services. Nor do I understand the respondents' counsel on the argument, to dispute that proposition. The argument both of the respondents' counsel and of the court below amounts to this, that the facts stated in the report do not justify the conclusion of the referees. Thus in his first point, the counsel for the respondents says " The conclusion from the facts found by the referees, that the plaintiff was entitled to recover damages, was not a logical sequence from the premises." In his second point he says, " If the services in question were not rendered in performance of duties imposed by the ordinance of May 8, yet the presumption, in view of the relation of the parties to this suit to each other, intermediate May, 1847, and May, 1848, is that they were such as plaintiff was bound to perform under ordinances prescribing his duties at the time of his original appointment. 1. It nowhere appears that they were not such suits. The referees did not find as a conclusion of fact, that the services in question were not a part of such duties. They state this

merely as a conclusion of law. 2. The ordinances are broad enough to cover these cases. 3. Proof of the precise character of these suits was within the plaintiff's power, and his failure to produce it turns every doubt against him." So, in delivering the opinion of the General Term, Judge DALY says : " The only question is, whether the statement of facts set forth in the referees' report, and which forms part of the record, is sufficient to warrant the judgment." Again he says, "All that is found as a matter of fact respecting them is what has been stated, and for all that appears in that statement they may have been actions which the plaintiff was bound as corporation attorney to prosecute under the ordinance existing at the time of his appointment." Again : " They may have been (connected with the alms-house department), but there is nothing upon the statement of facts recorded, to show it." * * * "And as we have nothing of what took place before the referees, as the testimony presented to them is not before us, it is our duty to see that the facts found by them fully sustain the judgment entered upon their finding." * * " It must be distinctly found as a fact that they were suits growing out of the business of that department, if that fact is necessary to sustain the legal conclusion arrived at by the referees and the judgment predicated upon it. Every thing asserted to support the judgment must appear in the statement of facts."

These arguments are based upon an erroneous understanding of the effect of the referees' report. They confound a reversal upon questions of fact, with a reversal on points of law, whereas the Code carefully preserves that distinction. It is quite manifest from the citations I have made from the opinion below, that the judgment was reversed for the want of the existence of certain facts, which were not stated in the referees' report to have been found, and which it was then assumed did not exist. This was a reversal because certain necessary facts were not proved to have existed. The record presented the question whether there was an error of law, and nothing else. In deciding it as a question of law, the

General Term erred in the effect proper to be given to the report. They held that no fact was to be taken as proved before the referee, unless it was expressly stated in the report. They held that, as the referee did not expressly find that the services were not included within the duties of corporation counsel, the court could not so assume, but must assume the contrary. This is not the rule which governs an appellate court. A report can only be set aside upon the facts contained in it; i. e., when it affirmatively finds facts which render its result erroneous. It must itself show that certain facts exist, the existence of which is inconsistent with the right of recovery. Silence is not sufficient. Every presumption is in favor of the report. The report of a referee is assumed to be right, and to be founded upon proof of every necessary fact. In the present case, it is presumed that proof was made, that the services in question were not within the plaintiff's duties as corporation attorney. Unless that fact appeared either by proof, inference or presumption, the plaintiff was not entitled to recover. In other words, if it appeared that he performed the duties as corporation attorney, his salary was his sufficient compensation. When the referees find that the plaintiff was entitled to recover, in judgment of law, they find also that the fact in question was established by competent evidence. Such have been the decisions of the Court of Appeals for many years past, and I am not aware of any decision to the contrary. (*Smith* v. *Coe*, 29 *N. Y.*, 666; *Ashley* v. *Marshall*, id., 494; *Chubbuck* v. *Vernam*, 42 *N. Y.*, 432–5; *Grant* v. *Morse*, 22 *N. Y.*, 323.)

This construction of the referees' report will furnish an answer to each of the points made by the appellant's counsel. They are all based upon the idea of the inadequacy or the incompetency of the evidence to establish the facts.

The order of the General Term should be reversed, and judgment upon the report of the referees affirmed, with costs.

LEONARD, C. This appeal comes before the court on the record of the judgment, containing the pleadings, the report

of the referee, and the exceptions thereto taken by the defendants. No part of the evidence has been returned. The action was tried by referees agreed on by the parties, as it appears from the order of reference. The facts found are exceedingly meagre, and, as the General Term of the New York Common Pleas have said, the legal conclusion of the referees is not sustained by the facts embodied and set forth in their report.

The question here is reduced to an inquiry what, if anything, this court must legally presume or infer has been proven, beyond the facts found, in order to uphold the judgment or legal conclusions of the referees. There is no statement contained in the judgment of the General Term that it was reversed on questions of fact; hence it must be assumed to have been on questions of law. (Code, § 268.) All facts which the evidence tended to prove, and the referees might have found, must be assumed, in addition to those actually found. (*Chubbuck* v. *Vernam*, 42 N. Y., 432.) We know not whether any such evidence was given. It may have been given, and the omission to procure its return to this court must rest with the party complaining of the report.

It is said in the head-note to that case, that " when the case contains none of the evidence, and only the findings of fact and conclusions of law of the referee, an exception that the conclusion of law is not authorized by the facts found is not good." The case, however, on examination, shows that the statement, in its full breadth, requires some explanation.

The action in that case was brought to set aside a settlement ,of accounts between partners. The plaintiff alleged fraud and mistake as the ground of his complaint, which the defendant denied. The case states that the referee found certain facts, and then found as his conclusion of law, that the evidence of fraud or mistake was insufficient to open the accounts, to which decision there was an exception. The evidence not being returned with the record, and the facts as found not being sufficient to prove fraud or mistake, the court said, in substance, that they could not hold that the conclu-

sion of law found by the referee was based alone upon the facts inserted in the case, it not being stated that the conclusion of law was based upon the facts so found, nor that such facts were all the facts proven. The court could not infer fraud or mistake, as it appears they were asked to do. The plaintiff was bound to prove his case, or fail in obtaining relief. It does not appear that the conclusions of law in that case were not authorized by the facts found, as might be inferred from the head-note. On the contrary, the court were of the opinion that the conclusion was correct.

Had the note stated that the court would not infer or assume facts not found, in order to overthrow a report or reverse a judgment, it would not have been liable to misconstruction.

An exception on the ground that the referee has not found facts which were within the issue, where he has not been requested to find as to such facts, and has not refused, is not good. (*Ashley* v. *Marshall*, 29 N. Y., 494, 501.)

The general conclusion of the referee is to be construed as involving a finding upon all the material questions, though not expressed in terms. (*Grant* v. *Morse*, 22 N. Y., 323.)

In the case last cited, Judge COMSTOCK, in delivering the opinion of the court, says: " Judgments are not reversed in this court because the facts found by a referee or a judge do not affirmatively sustain them. On the contrary, the judgments of subordinate courts are presumed to be right, unless it appear that a rule of law has been violated after assuming that the facts have been viewed in the most favorable light which the case will admit."

I am of the opinion, from these authorities, that the judgment on the report ought not to have been reversed on account of the omission to state the necessary facts to create a logical and legal sequence for the conclusions of law found by the referee.

The counsel charged with the duty of defending the city, ought to have presented the appeal by making up and settling a case, so as to have raised the questions discussed, or by

requesting the referees to find specifically upon the facts which they have omitted to consider, and which were deemed material to the issue or defence.

The inference from the omission so to do, is that an observance of the usual practice, as suggested above, would have been of no advantage to the defence, and might have enabled the court to discover the omitted facts, which would have rendered the conclusions of law found by the referees complete as logical and legal sequences.

The court cannot perceive, with certainty, that the facts do not exist, or were not proven, which the learned counsel for the defendants complain have not been found. If other facts were material to the defence, and were proven, counsel for the defence ought to have procured the referee to have found in respect to them, or to have made a case. The question as to the sufficiency of the evidence, must then have been considered by the General Term. The court below would have compelled the referees to have found as to material facts, if on request, they had refused so to do. The report of the court, or referees, before whom an action has been tried, is not the subject of a demurrer by the defeated party, like a pleading, when the action comes before an Appellate Court.

I am not without a doubt as to the justice of the report, but I am unable to perceive, how, consistently with the settled practice of the Court of Appeals, the question can be reached on an appeal. At least not in the manner the case is here presented.

In my opinion, the General Term of the Common Pleas disregarded the settled rules and practice of the law by reversing the judgment upon the case as now presented.

The judgment of the General Term should be reversed with costs.

All for reversal.

Order of the General Term reversed, and judgment entered upon the report of the referees affirmed, with costs.