By the Court.—Curtis, J.
The first question •raised by the appellants is, whether the recovery of the judgment and actual existence of an execution in the sheriff’s hands, did not for the purpose of a levy supersede the attachment previously delivered to him.
The Code provides (section 227), in certain cases, *464 that the property of a defendant may be attached “ as a security for the satisfaction of such judgment as the plaintiff may recover.” It further provides (section 139), that by the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. It further provides (section 232) that the sheriff shall, “subject to the direction of the court or judge, collect and receive into his possession all debts, credits and effects of the defendant;” and it further provides (section 237, subd. 4,) that “until the judgment against the defendant shall be paid, the sheriff may proceed to collect the notes and other evidences of debt, and the debts that may have been seized or attached under the warrant,” and the sheriff is directed to apply the proceeds thereof to the payment of the judgment.
An attachment is a lien on real estate only from the time it is levied; but it has been held that by its allowance the plaintiff acquires certain rights in the attached property yet not absolute liens, because they are (Thatcher v. Bancroft, 15 Abb. 243; Kulhman v. Owen, 5 Duer, 250) subject to be defeated, as for example, by a sale to a bona fide purchaser before notice or levy. Attachments have priority according to the order of their delivery to the sheriff. In this case, the attachment was delivered to the sheriff before the entry of the judgment; and upon the same day, and before any levy was made under the execution upon the judgment, the sheriff proceeded with the attachment to the store,of the defendants in this action, and duly served the attachment upon them, demanding a certificate of the money in their hands belonging to the judgment debtors. The steps taken to execute the warrant and its service, appear by the affidavit of Daniel Moore, read in evidence by consent. It would conflict with what appears to be just, and to be in accordance with the provisions of the Code creating and continuing the lien of attach *465 ments on this description of personal estate, to hold, as law, that the recovery of a judgment, and actual existence of an execution in the sheriff’s hands, supersedes an attachment previously delivered to him, and under which he may have attached debts, and be at that moment proceeding to collect them as directed by the Code. The learned referee says that this was held, even as to the effect of a judgment merely, at special term in Schiel v. Baldwin (13 Abb. Pr. 439), but adds that it did not appear in that case that any thing had been done under the attachment, and that in Fuller v. Stewart, MSS. in this court, the chief justice says: “The omission to serve the attachment until after the judgment, although issued before, is not a ground of objection for irregularity.” The conclusion arrived at by the learned referee after his careful examination appears to be correct. It seems clear that an attachment issued prior to judgment and execution, valid and properly served, may be operative as the basis of an action by the sheriff, to enforce it, and recover the property, if he can make out the case.
The next question raised by the defendant’s exceptions, is whether the sum of one thousand seven hundred and forty-nine dollars was, at the time of such attachment, the money of and belonging to the firm of Stewart and Bramson. The referee found that it was. Shortly previous to the attachment, Stewart and Bramson paid to the defendants various sums, amounting in all to about two thousand dollars. Defendants also held their notes for two thousand one hundred and thirty-nine dollars and thirty-six cents, amounts of bills of goods previously sold them. Defendants further sold them goods from May 27 to May 30, 1861, to the amount of two hundred and thirty-seven dollars and sixty-one cents, no note being taken. This last amount was paid by applying it towards a part of the sum of about two thousand dollars in defendants’ pos *466 session, reducing it to one thousand seven hundred and forty-nine dollars. .
The testimony is conflicting as to the disposition to be made of this balance, but the referee reasons, that if • there had been any application made of it to the notes, prior to the service of the attachment, it would have appeared in defendants’ books by a credit to bills receivable, and a debit to cash, of which there was no proof. Also, that the “proof of the partial application of the two hundred and thirty-seven dollars and sixty-one cents warrants an inference that the rest was not so applied. But hé concludes-that the strongest evidence that it was not so applied, appears by the complaint .and judgment obtained by the defendants against Stewart and Bramson, September 5, 1863. The sworn complaint claims, that at that time, five days after the attachment, all the notes were unpaid with interest, being an explicit statement that they had not applied the money to the notes and did not intend to so apply it.
The referee arrives at the conclusion that it was the money to the credit of Stewart and Bramson, which was attached, and he seems to have rightly done so, and there appears no good reason why his conclusion should be disturbed, unless there is force in thi,s objection, that if the money was not applied by defendants to discharge these notes, it was then held by them in trust under a verbal agreement, for the purpose of compromising with the creditors at large of Stewart and ■ Bramson. Had the money been paid these creditors pursuant to a compromise, it would have ■ been an answer; but while it remained in defendants’ hands, the creditors not having assented to any compromise, and the money at any time liable to be recalled by the. ' depositors, no trust or interest is created in behalf of such creditors as will prevent its being held under the attachment (Kelley v. Roberts, 42 N. Y. 432).
*467 The judgment appealed from should be affirmed with costs.