### DETERMINED IN THE

# THIRD DEPARTMENT,

#### AT

## GENERAL TERM,

### September, 1878.

---

LEVI M. WINCHELL, RESPONDENT, *v.* JAMES DOTY, APPELLANT.

*Guaranty—when of payment, and when of collection.*

Defendant, on purchasing a horse from plaintiff, offered in part payment a note made by C. and H., then four years over-due; plaintiff refused to receive it, until defendant finally wrote upon the back of it: "I guarantee the within note," and signed it.

*Held,* that this was a guaranty of payment, and not merely that the note was collectable.

*Semble,* that, under the circumstances and the form of the guaranty, no demand upon the makers was necessary before bringing suit against the defendant.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was commenced against the defendant on the 12th day of April, 1877, to recover the sum due on the following promissory note:

"Int. Rev. Stamp. "NEWARK, April 5, 1872.

"Six months after date, for value received, we, or either of us, promise to pay John Van Buren, or bearer, one hundred dollars, with use. "FRANKLIN CARTRIGHT.
"SILAS HOOVER."

Prior to the 14th day of September, 1876, the defendant became the owner and holder of said note, and on the 14th day of September, 1876, the defendant purchased a horse of the plaintiff, and offered the note in part payment, which the plaintiff refused, upon the ground that he did not know the makers, but offered to take the defendant's individual note; at which time the defendant agreed to guarantee the note, and wrote the following on the back of it:

"I guarantee the within note."                    "JAMES DOTY."

The note was then received by plaintiff at its full value and interest, defendant saying: "You must not trouble me till the 1st of April; the note is already due." The plaintiff agreeing to this request.

The only question raised by the defendant was that the guaranty was one of collection, and not of payment, and the plaintiff should have exhausted his remedy against the makers before looking to defendant.

*Smith Brothers,* for the appellant.

*Jay B. Kline,* for the respondent.

MARTIN, J.:

The first and most important question to be determined in this case, arises upon the construction of the guaranty signed by the defendant, and is, whether it was in effect a guaranty of payment, or only a guaranty of collection. It was general, unlimited and unextended. It being a guaranty without limitation or extension, the contract must, I think, be held to import just what the term "guaranty" itself imports. A guaranty is an undertaking to answer for another's liability, and collateral thereto, and, in its commercial and legal sense, is an undertaking by one person to be answerable for the payment of a debt or the due performance of a contract or duty by another, who himself remains liable to pay or perform the same, and may be of a prior debt, contract or duty, or of a future one. (Story on Promissory Notes, § 457, and cases cited.)

The liability of a guarantor will be considered as co-extensive with that of his principal, unless it be *expressly* limited; and,

when a guarantor or surety becomes bound in *general* and indefinite terms, he makes himself liable for all the engagements of his principal resulting from the principal's contract. (Story on Contracts, § 866; 2 Bouv. Inst., 58, and cases cited.)

The contract of the defendant's principals was one of payment, and was that they would pay the sum secured by this note; and, as the defendant undertook to answer for their liability upon that contract without limitation, his contract, although collateral, became co-extensive with that of his principal, and he too became liable to pay this note, if his principal failed to do so. This contract of his, constituted a guaranty of payment, and not a guaranty of collection, as contended by the counsel for the appellant. (See *Schultz* v. *Crane* 6 Hun, 236; aff'd 64 N. Y., 659.)

Not only is this the construction to be applied to the written contract between the parties, but such was clearly their intention, as shown by the evidence upon the trial. This note was delivered to the plaintiff in part payment of the purchase-price of a horse then purchased by the defendant, and for which he sought to to have the plaintiff take this note in part payment, without guaranty; but this he refused to do, as he did not know the parties, offering, however, to take the defendant's note, or this note guaranteed by him, and defendant finally agreed to, and made this guaranty upon the plaintiff's promise that he would not trouble him till April, 1877, he at the same time informing the plaintiff, in substance, that he could not enforce the collection of the note against the makers of it, but assuring him that the makers would pay it as they had agreed to. From this evidence, the referee was clearly right in holding that this was intended as a guaranty of the payment of this note.

It is, however, insisted by appellant's counsel that, even though this was a guaranty of payment, still the note being over due when the guaranty was made, the contract of the defendant was that he would pay only after a demand upon the makers of the note; that the note should be regarded as a note payable upon demand. While this may be the legal rule between an indorser and an indorsee (*Van Hoesen* v. *Van Alstyne*, 3 Wend., 75), yet I think no such rule applies as between a guarantor and guarantee. An absolute guaranty of payment renders the guarantors

liable, upon default of the principal, without any proof of demand or notice. (*Allen* v. *Rightmere*, 20 Johns., 365; *Union Bank* v. *Coster's Executors*, 3 N. Y., 203, and cases cited.)

But, if this were not so, and a demand of the makers of this note was necessary, still a sufficient answer to this point is, that the evidence in the case does not sustain it. The evidence in the case certainly tends to show, and I think shows quite clearly, that such a demand was made. The plaintiff testifies: " I called upon the makers of the note; I called upon Cartright repeatedly after this, and he promised to pay it and did not." From this evidence, the referee would certainly have been justified in finding that a demand was made of both of the makers of this note before this action was brought; and, if necessary to sustain this judgment, it will be assumed that he so found. (*Chubbuck* v. *Vernam*, 42 N. Y., 432; *Tomlinson* v. *The Mayor*, 44 id., 601.)

There are no other questions in the case requiring consideration, and I am of the opinion that the learned referee was correct in finding that the contract between the parties was a guaranty of payment; and in holding that the plaintiff was entitled to the judgment rendered herein.

The judgment should, therefore, be affirmed.

Present—LEARNED, P. J., BOARDMAN and MARTIN, JJ.

Judgment affirmed, with costs.