Van Vorst, J.
[After stating the pleadings].—The demurrer admits that the allegations in the complaint are true, and that they disclose a breach by the defendants, of their engagement with the plaintiff, in their refusal to pay the drafts, and in their allowing them to *191 be protested for non-payment. When they authorized the plaintiff to draw for his expenses, they undertook to honor and pay the drafts. When there is a valid contract, and it has been broken, the plaintiff must be entitled to recover such damages as necessarily ensue from the non-performance or breach. These are general damages, and they need not be expressly detailed in the complaint, and are recoverable under the common conclusion.
It may be that the plaintiff is not entitled to recover the special damages, claimed by him in the complaint, nor is this decision to be regarded as an authority in their favor.*
But such damages, and those only as are the consequence of the defendant’s failure to honor and pay the drafts in question, and of which such failure is a proximate cause, may be recovered in the action (Devendorf v. West, 43 Barb. 227).
Where there is a breach of an express contract, nominal damages may be recovered, though no damage may really have been sustained (Marzetti v. Williams, 1 B. & Ad. 425; 20 E. C. L. R.; Fitch v. Fitch, 35 Superior Ct. (3 Jones & Spencer) 302; Chitty's Pleadings, vol. 1, p. 338; Broom's Commentaries on Common Law, p. 624, marg.).
There should be judgment for the plaintiff on the demurrer, with liberty to the defendant to answer in twenty days, on payment of costs.
No appeal was taken.

 The allegation, was,—that he was injured in credit generally, and particularly so with the persons named who cashed the drafts ; and was injured in his reputation as traveling salesman, and thereby prevented from obtaining employment for three months. See on this point, Ilsley v. Jones, 13 Gray, 260.