RICHARD D. KELLOGG, Appellant, *v.* CURTISS THOMPSON et al., Respondents.

In an action, commenced in 1873, against commissioners and an overseer of highways for damages alleged to have been sustained by turning the waters of a stream from a highway upon plaintiff's adjoining premises, it appeared that originally the stream crossed the highway on to said premises, then, turning, recrossed the highway. About 1850, an artificial channel was made, proceeding a short distance from the first crossing, along the side of the traveled track of the highway, and thence through an artificial ditch on to and over plaintiff's land. In 1864, plaintiff, as overseer of highways, extended the artificial channel along the highway until it intersected the original stream, he also filled up the artificial channel on his land; the waters injured the highway, rendering it at times impassable, and defendants turned them into the original channel. *Held*, that the first change did not relieve plaintiff's land from the burden of the stream, or give him any prescriptive right to have it flow along the highway; that, as overseer, he had no right to relieve his own premises at the expense of the public; that it was the right and duty of defendants to abate the nuisance caused by the stream obstructing the highway, and they were justified in restoring said stream to its original channel.

It *seems* that a prescriptive right could not have been acquired, as against the public, by a twenty years' flow of the water along the highway

(Argued April 14, 1876; decided April 25, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of defendants, entered upon the report of a referee.

This action was brought against defendants, the commissioners and overseer of highways of the town of Leon, Cattaraugus county, for damages alleged to have been sustained by their turning a stream from the highway upon plaintiff's land.

The facts appear sufficiently in the opinion.

*J. R. Jewell* for the appellant. No one has a right to change the course of a living stream of water and thereby make it overflow the lands of another. (*Moran* v. *McClearns,* 63 Barb., 185 ; *Bellows* v. *Sackett,* 15 id., 76 ; *Foot* v. *Bronson,* 4 Lans., 47 ; *Thompson* v. *Allen,* 7 id., 459 ; *Clinton* v. *Meyers,* 46 N. Y., 511 ; *Billington* v. *N. Y. C. R. R. Co.,* 23 id., 42.) The stream having ceased to run in its original channel for over twenty years, all right to have it run in such original channel was lost. (*Moran* v. *McClearns,* 63 Barb., 185 ; *Marchy* v. *Shutts,* 29 N. Y., 346 ; *Hammond* v. *Zehner,* 21 id., 118.)

*Henderson & Wentworth* for the respondents. Defendants had a right to restore the stream to its natural channel. (*Wendell* v. *Mayor, etc.,* 39 Barb., 329 ; 1 Stat. at Large, 486, § 130.)

CHURCH, Ch. J. The evidence given on the trial is not contained in the case. We must assume, therefore, that the facts proved were sufficient to sustain the findings, and also any additional findings necessary to sustain the conclusion of law not in conflict with the affirmative facts found.

The action is against the defendants, who are commissioners and overseer of highways, for damages in turning a small stream running in an artificial channel in the highway, by the side of the traveled track, on to the plaintiff's land which

abutted thereon. Such stream injured the highway, and at times rendered it almost impassable, and we must presume that the act was necessary for the protection of the highway; and the only question is whether the plaintiff can legally complain. The stream was turned from the highway on to the plaintiff's land at a point where it originally run. The action is sought to be maintained upon the theory that the stream had been turned from the original channel on the plaintiff's land into an artificial channel in the highway, where it had run for more than twenty years, and that the plaintiff was thus rid of the stream by prescription, and was in as favorable a position as if it had never run over his land. I do not think this position can be sustained. In the first place the facts do not sustain it. The road is an east and west road. Prior to 1850 the stream in question crossed it from the south by a sluice, and passed on to plaintiff's land and run north-westerly thereon, and then turned its course to a south-westerly direction, and recrossed the highway through another sluice about seventy rods west from the first one, and thence into another stream. The first change was made in 1850, or 1851, by plaintiff or his grantor, and consisted of making an artificial channel on the north side of the highway for a distance of ten or fifteen rods from the easterly sluice, and thence on to and over the plaintiff's land, through an artificial ditch to the original stream at a point about seventy rods west from the sluice. The stream continued to flow in the artificial channel thus constructed until 1864, and the only use of the highway during this period was the small distance of ten or fifteen rods, and for the remainder of the distance it flowed over the plaintiff's land. The plaintiff was at liberty, on his own land, to use the artificial channel instead of the original bed, but it cannot be said that during that period the plaintiff's land was relieved from the burden (if it is to be so deemed) of the stream. In that respect there was no substantial change. He chose to use one portion of his premises instead of another to pass the water over, but it still remained on his premises, and during this period the prescriptive right

now claimed, of using the highway entirely, can receive no aid.   The change and the use of the highway was too slight to make any material difference with the public rights of travel.   An infringement so harmless might be permitted without impairing any available remedy for the obstruction afterward caused by turning the stream for the whole distance into the highway.   In 1864 the plaintiff, as overseer of highways, extended the artificial channel on the north side, in the highway west about seventy rods, until it intersected with the original stream, but he restricted the sluice in capacity, and dug a deep ditch, or channel, on the south side to within ten feet of the sluice, and the next year, in consequence of the sluice being insufficient to pass all the water, the intervening space on the south side, of ten feet between the sluice and the ditch, was washed out by force of the water, and the stream from that time until 1871, run in such ditch on the south side of the highway.   In that year a more capacious sluice was made, and the water turned into it, where it run on the north side of the highway, and along the highway until 1873, when it was turned into the original channel, on plaintiff's land.   It will thus be seen that the plaintiff's land has not been relieved of the water for twenty years, but only nine years, from 1864 to 1873.   In 1864 it was turned on by the plaintiff ostensibly on the north side, but substantially and evidently by design on the south side, without right or authority.   As an overseer of highways he had no right thus to disencumber his own premises at the expense of the public, who could at any time since have turned it back where it belonged, either into the original bed, or the artificial channel on the plaintiff's land. The stream became a public nuisance in obstructing the highway, and it was the right and duty of the public officers to abate it, and they had the right to restore it to its original channel, especially as the plaintiff had filled up the artificial channel on his own land, and if the original channel had become filled up (which is not found) it was the plaintiff's fault, and he cannot complain,   He having turned the stream into the highway without legal authority or right, cannot

object to its restoration. But if twenty years had elapsed, I am not prepared to assent to the position that a prescriptive right could be thus acquired against the public. Although unnecessary to decide the question, it is proper to disclaim any intention to affirm such a doctrine. (Angell on Water Courses, §§ 254, 562, 563.)

The judgment must be affirmed.

All concur.

Judgment affirmed.