LEONARD Y. GARDINER *et al.*, Respondents, *v.* GABRIEL SCHWAB *et al.*, Appellants.

*Court of Appeals, June* 29, 1888.

Affirming same case, 38 Hun, 641, Mem.

1. *Appeal. Case not containing evidence.*—Where the case does not contain the evidence given on the trial, the court of appeals will assume that the facts proved on the trial are sufficient to sustain the findings of fact made, and any additional findings, necessary to support the conclusions of law, if such additional findings are not in conflict with the affirmative facts found.

2. *Same. Reversal.*—To reverse the referee's conclusion of law, it must appear that, from the facts found, such conclusion is erroneous.

Action to recover the purchase price of a quantity of cloth alleged to have been sold and delivered to defendant.

Appeal from a judgment of the general term of the supreme court, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

*Theo. H. Swift*, for appellants.

*W. L. Van Denbergh*, for respondent.

GRAY, J.—As the case presented here does not contain the evidence given upon the trial, the correctness of the conclusions of law made by the referee is alone the subject for review. If they are warranted by the findings, the judgment must be sustained.

We are only concerned with the legal effect of the facts as found. Those findings of fact we must assume to be true, and we must also assume that the facts proved on the trial were sufficient to sustain those findings. Indeed, if necessary, we must assume that they were sufficient to sustain any additional findings, required to sustain the conclusions of law, not in conflict with the affirmative facts found.

Kellogg *v.* Thompson, 66 N. Y. 88; Murray *v.* Marshall, 94 N. Y. 617.

A consideration of the record here reveals no error in the referee's conclusions. The action being to recover of the defendants for the purchase price of certain goods which they had agreed to take of the plaintiffs, if of quality equal to a sample produced, and of colors to be designated by them, the referee found as the facts that all which had been furnished, pursuant to defendants' orders, conformed thereto, except as to 217 yards, which he found to have been unmerchantable and unsalable. He found the liability from the defendants to the plaintiffs, under their agreement, to be for the contract price for the quantity of goods furnished, less the number of yards of goods returned as unmerchantable and unsalable. The appellants claim that they returned to the plaintiffs some more of the goods furnished under the agreement as being unsalable, and that the referee's finding to that effect is in hostility to the conclusion of law. They argue that such being the fact the only cause of action which plaintiffs can maintain, is for a failure to accept the goods on delivery; the measure of damage for which is the difference between the contract price and the market price at the time of refusal. The referee's finding is that the particular goods referred to were returned by defendants; but he does not find that the plaintiffs consented to receive them back. He does find that they were returned about a month after they were furnished; but he makes no finding that they were in excess of quantity or inferior in quality. Under the terms of the agreement the price for the goods was to be paid on their receipt by the defendants, and as nothing in the record appears to the contrary, the act of defendants in returning the goods, after retaining them for a month, may have been an attempt to throw them back on the plaintiffs, which they were not warranted in doing, and to which the plaintiffs did not assent. The commencement of this action, within a few days after the return of that lot, to

recover for the goods which had been furnished, is a fact negativing the idea of any assent by the plaintiffs. To reverse the referee's conclusion of law, it must appear that, from the facts, found, that conclusion is erroneous.

We think his findings of fact justified his conclusion of law, and, for that reason, the judgment of the general term, affirming the judgment entered upon the report of the referee, should be affirmed, with costs.

All concur.