The Rochester Lantern Company, Respondent, *v.* The Stiles and Parker Press Company, Appellant.

Where, upon appeal in an action tried by the court or a referee, no case is made containing the evidence, but the appeal is based solely upon exceptions contained in the judgment-roll, and the findings of fact do not sustain the conclusions of law, it may not be assumed that there was evidence justifying other findings which would sustain the conclusions; on the contrary, it is to be assumed that there was no such evidence, and when the conclusions of law have been properly excepted to, the judgment may not be sustained.

The party succeeding should see to it that he has findings of fact sufficient to uphold his judgment, and if he does not he is exposed to the perils of a reversal by an appeal based solely upon exceptions to the legal conclusions.

*Chubbuck* v. *Vernum* (42 N. Y. 432); *Kellogg* v. *Thompson* (66 id. 88); *Murray* v. *Marshall* (94 id. 617); *Gardener* v. *Schwab* (110 id. 650), distinguished and limited.

While in an action for a breach of contract the plaintiff is entitled to recover all the damages occasioned by the defendant's breach, they must be such only as flow directly and naturally therefrom and must

be certain both in their nature and in respect of the cause from which they proceed.

One K. entered into a contract with defendant by which the latter agreed to make and deliver to the former certain dies to be used in the manufacture of lanterns, in which business K. proposed to engage, but was not then engaged, and it did not appear that he contemplated doing so until the dies were furnished. Plaintiff was subsequently incorporated and K. assigned the contract to it; there had been at that time no breach thereof. In an action to recover damages for failure to deliver the dies, it appeared that plaintiff, for the sole purpose of carrying on said business, rented premises and employed men, and it was allowed, as items of damages, the expenses so incurred. *Held*, error; that the natural obvious consequences of the breach would be to compel K. or his assignee to procure the dies elsewhere and the increased cost, if any, would be the proper measure of damage; that even if K. could have recovered special damages, an assignee, of whose connection with the contract defendant had no notice, could not recover any such damages which were not contemplated when the contract was made.

(Argued June 3, 1892; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made November 20, 1891, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover damages for alleged breach of contract.

The facts, so far as material, are stated in the opinion.

*Theodore Bacon* for appellant. The contract between Kelly and the defendant was assignable. (Bishop on Cont. § 603 ; *Devlin* v. *City of New York*, 63 N. Y. 8.) The defendant never was under the slightest obligation to make the dies in question, in the manner specified, or any dies, in any manner, for the Rochester Lantern Company. (*N. Bank* v. *Hall*, 101 U. S. 43: *E. N. Bank* v. *Kauffmann*, 93 N. Y. 273 ; Chitty on Bills, 2, 15, 31 ; *Hadley* v. *Baxendale*, 9 Exch. 341.) The defendant, if there had been no assignment, would have been in no way liable to Kelly for the damages which the referee has allowed. (*Griffin* v. *Colver*, 16 N. Y. 489 ; *Booth* v. *S. D. R. M. Co.*, 60 id. 487 ; Mayne on Dam-

ages, 8; *Fleming* v. *Beck*, 48 Penn. St. 309.)   Still less was
the defendant liable to the plaintiff, Kelly's assignee, for the
expenses of its new establishment. (*Randall* v. *Raper*, El.
Bl. & El. 84; *Reggio* v. *Braggiotti*, 7 Cush. 166.

*William Nathaniel Coggswell*, for respondent.   The
referee having found as a fact that the plaintiff has sustained
certain damages, and the evidence not being incorporated in
the case, the conclusion of law that the plaintiff is entitled to
recover such damages necessarily follows. (*Dunn* v. *Hunt*,
32 N. Y. S. R. 735; *Gardner* v. *Schwab*, 110 N. Y. 650;
*Berger* v. *Varrellmann*, 127 id. 281.)   If the appellant is at
liberty to question the amount of the damages found by the
referee, the true rule of damages was observed. (*Griffin* v.
*Colver*, 16 N. Y. 489; *Freeman* v. *Clute*, 3 Barb. 424:
*Benton* v. *Fox*, 64 Ill. 417.)

EARL, Ch. J.   The defendant brings this appeal without
having made a case containing any of the evidence and relies
solely upon exceptions contained in or annexed to the judg-
ment-roll as provided in sections 994 and 997 of the Code.
We do not know what the evidence upon the trial was, except
as we are informed by the findings of facts.

The defendant does not complain of the findings of facts
made by the referee, but it finds fault with his rulings upon
matters of law, and the sole question before us is whether the
rulings are justified by the facts found.   In other words do
the facts found justify the judgment?   The learned counsel
for the plaintiff, however, contends that if the findings of facts
contained in the record are insufficient to uphold the judg-
ment then we may assume that there was evidence upon the
trial sufficient to justify other findings of facts which would
support the conclusions of law.   Such undoubtedly is the rule
when upon an appeal a case has been made containing the evi-
dence.   Then the appellate court may look beyond the find-
ings of facts into the evidence, and see if there is any evidence
to support the conclusions of law, and it may affirm the judg-

ment even if the findings of facts actually made do not support it if it finds sufficient evidence to justify it. But there is no foundation for this rule when the appeal is upon the judgment-roll alone, and the evidence is not before the court. Then the appellate court can know nothing about the evidence except as it is embodied in the findings of facts, it cannot know that there was any other evidence, and there is no room or ground for presuming that there was any. In the former case there is no presumption that there was any other evidence than that contained in the record. But finding the evidence there the court may presume, for the purpose of upholding the judgment, that the judge or referee found the facts which the evidence justified. But in the latter case, the rule contended for on behalf of the plaintiff would require the court to presume, not only the evidence, but the findings of facts based upon it. For this there is no reason. The party succeeding upon a trial before a judge or referee must see to it that he has findings of facts sufficient to uphold his judgment, and if he does not he is exposed to the peril of a reversal of his judgment by an appeal based solely upon the exceptions of the defeated party to the conclusions of law. If the rule contended for by the plaintiff be sustained, then very rarely, if ever, would it be safe for a defeated party to appeal without a case as it would nearly always be possible to presume facts were proved although not actually found, which would support the judgment.

The law upon this matter of practice by some inadvertence has fallen into some confusion and conflict, and it is time that the practice should be finally settled.

In *Chubbuck* v. *Vernum* (42 N. Y. 432), the statement in the head-note that "where the case contains none of the evidence and only the findings of fact and conclusion of law of the referee, an exception to the conclusion of law, as not authorized by the facts found, is not good," went beyond the actual decision. In that case there was a general finding of the facts against the plaintiff, and with that finding in the record, it could not be said that the conclusion of law was

without support, and besides, the judgment was affirmed without any resort to presumptions upon the facts actually found. There were, however, some unguarded expressions in the opinion of the chief judge, which were disapproved in *Stoddard* v. *Whiting* (46 N. Y. 627), where Judge GROVER said : " The counsel for the respondent insists that, as the case does not contain any of the evidence given upon the trial before the referee, but only the facts found by him and his legal conclusions thereon, and the exceptions taken by the appellant to such legal conclusions, no question is presented which can be reviewed by this court, and cites, in support of this position, *Chubbuck* v. *Vernum* (42 N. Y. 423). In the syllabus of the reporter, it is stated that when the case contains none of the evidence and only the findings of fact and conclusions of law of the referee, an exception to the conclusions of law as not authorized by the facts found, is not good. One of the opinions delivered sustains this idea. The learned judge says : " The party seeking to uphold the report of the referee is entitled to the benefit, not only of the facts actually found by the referee, but also, if necessary to sustain the conclusions of law by the referee, to all such facts as the evidence tended to prove, and as the referee might have found in his favor. Hence, without examining the case further, there would be abundant reason for affirming the judgment." This entirely overlooks the obvious fact that, in the absence of all the evidence, it can never appear that there was any evidence tending to prove any additional facts, and, therefore, authorizing an assumption of the finding of any such facts. The judge did not base his opinion upon this ground alone, but proceeded to show that, from the facts, the conclusions of law were correct. In the other opinion published, no allusion is made to any such reason for the affirmance of the judgment. This shows that no such question was determined in the case. The true rule, where the case does not contain any of the evidence, but the findings of facts only, is to assume that there was no evidence from which any other facts could be found, and where the conclusions of law in such a case have been excepted to, the

question to be determined is, whether such conclusions are warranted by the facts found;" and the judgment was reversed. In *Kellogg* v. *Thompson* (66 N. Y. 88), Chief Judge CHURCH said: "The evidence given on the trial is not contained in the case. We must assume, therefore, that the facts proved were sufficient to sustain the findings, and also any additional findings necessary to sustain the conclusions of law not in conflict with the affirmative facts found." He made no reference to the case of *Stoddard* v. *Whiting*, nor does it appear that his attention was called to it by counsel. The remark was purely *obiter*, as the judgment was affirmed, without indulging in any presumptions, upon the facts actually found. In *Murray* v. *Marshall* (94 N. Y. 617), Judge FINCH adopted the *obiter dictum* contained in *Kellogg* v. *Thompson*, without referring to the case of *Stoddard* v. *Whiting*, and apparently without having his attention called to it; but his conclusion was finally reached by taking the facts as they had been actually found at the trial term. In *Gardiner* v. *Schwab* (110 N. Y. 650), Judge GRAY said: "As the case presented here does not contain the evidence given upon the trial, the correctness of the conclusions of law made by the referee is alone the subject for review. If they are sustained by the findings, the judgment must be sustained. We are only concerned with the legal effect of the facts as found. These findings of fact we must assume to be true, and we must also assume that the facts proved on the trial were sufficient to sustain these findings. Indeed, if necessary, we must assume that they were sufficient to sustain any additional findings required to support the conclusions of law not in conflict with the affirmative facts found." And he cited *Kellogg* v. *Thompson* and *Murray* v. *Marshall*, but did not refer to *Stoddard* v. *Whiting*. But he did not assume any facts not found, as he concluded his opinion as follows: "We think his findings of fact justified his conclusions of law, and for that reason the judgment of the General Term should be affirmed."

This brief review of the cases in this court shows that the inconsiderate *dictum* in *Kellogg* v. *Thompson* has borne a small

progeny of *dicta* — all in conflict with what was actually and deliberately decided in *Stoddard* v. *Whiting*, and we must now reaffirm the doctrine of that case. Therefore, in disposing of this case, we must take the facts as found by the referee, and they are as follows: On the 19th day of March, 1887, James H. Kelly entered into a contract with the defendant whereby it was to make and deliver to him certain dies to be used by him in the manufacture of lanterns; that it agreed to make and deliver the dies within a reasonable time, that is, within five weeks from the time of the order, to manufacture and deliver the same; that the plaintiff was incorporated shortly prior to the 27th day of August, 1887, and on the twenty-ninth day of that month Kelly duly assigned to the plaintiff his contract with the defendant, and all his rights and claims thereunder; that the plaintiff failed to establish by evidence that at or prior to the time of making the contract, the defendant was informed that any corporation was intended to be organized, or that the contract was made for the use or benefit of any other person or corporation than Kelly; that the first notification received by the defendant that the plaintiff had any interest in the contract, or that such a corporation as the plaintiff existed, so far as was proven upon the trial, was given to it by a letter dated March 22, 1888, and signed "Rochester Lantern Company, by James H. Kelly, President;" that from time to time after making the contract samples were sent by Kelly to the defendant and dies were shipped to him by the defendant; that the last sample for the last die to be made was sent by Kelly to the defendant on the 29th day of July, 1887; that by the conduct of Kelly and the defendant performance of the contract within the time originally stipulated was waived, and the contract except as to time of performance was regarded as still in force at the date of the assignment thereof; that a reasonable time in which the defendant could have carried out and performed the contract after August 29, 1889, was five weeks, which expired October third; that Kelly was a manufacturer of lanterns in Rochester and required the dies for the

manufacture of lanterns which he designed to put upon the market as the defendant was informed and well knew, and that the plaintiff after its incorporation succeeded him, in the business of manufacturing lanterns; that the defendant failed to carry out the contract and to furnish dies as thereby required; that the plaintiff for the sole purpose of carrying on the business of manufacturing the lanterns which it was intended that these dies should make, entered into certain obligations and incurred certain liabilities as follows: It paid one Butts for rent of room from October 3 to November 1, 1887, the sum of $31.86; it paid one Broad, an employe, for his wages from October 3, 1887, to March 24, 1888, the sum of $250, and one Briston, an employe, for his wages during the same time the same sum; it paid to Crouch & Sons for the rent of premises from November 1, 1887, to March 24, 1888, $278.46; that by reason of defendant's failure to perform the contract as agreed by it the plaintiff was unable to manufacture any lanterns for the market until after the commencement of this action on the 24th day of March, 1888, and that the plaintiff by reason of such failure sustained loss in the sums above mentioned which it actually paid, and the referee awarded judgment for the amount of the items above specified.

We do not think these facts sufficient to justify the recovery of the items of damages specified. There had been no breach of the contract at the time of the assignment thereof to the plaintiff, and at that time Kelly had no claim against the defendant for damages. After the assignment Kelly had no interest in the contract and the defendant owed him no duty and could come under no obligation to him for damages on account of a breach of the contract by it. There is no doubt that Kelly could assign this contract as he could have assigned any other chose in action, and by the assignment the assignee became entitled to all the benefits of the contract. (*Devlin* v. *Mayor*, etc., 63 N. Y. 8.) The contract was not purely personal in the sense that Kelly was bound to perform in person, as his only obligation was to pay for the dies when delivered,

and that obligation could be discharged by any one. He could not, however, by the assignment, absolve himself from all obligations under the contract. The obligations of the contract still rested upon him and resort could still be made to him for the payment of the dies in case the assignee did not pay for them when tendered to it. After the assignment of the contract to the plaintiff the defendant's obligation to perform still remained, and that obligation was due to the plaintiff, and for a breach of the obligation it became entitled to some damages, and so we are brought to the measure of damages in such a case as this.

It is frequently difficult in the administration of the law to apply the proper rule of damages, and the decisions upon the subject are not harmonious. The cardinal rule undoubtedly is that the one party shall recover all the damage which has been occasioned by the breach of the contract by the other party. But this rule is modified in its application by two others: The damages must flow directly and naturally from the breach of the contract, and they must be certain, both in their nature and in respect of the cause from which they proceeded. Under this latter rule speculative, contingent and remote damages which cannot be directly traced to the breach complained of are excluded. Under the former rule such damages only are allowed as the parties may fairly be supposed when they made the contract to have contemplated as naturally following its violation. (*Hadley* v. *Baxendale*, 9 Excheq. 341; *Griffin* v. *Colver*, 16 N. Y. 489; *Leonard* v. *N. Y., etc., Tel. Co.*, 41 id. 544, 566; *Cassidy* v. *Le Fevre*, 45 id. 562.)

The natural and obvious consequence of a breach of this contract on the part of the defendant would be to compel Kelly or his assignee to procure the dies from some other manufacturer, and the increased cost of the dies, if any, would be the natural and ordinary measure of the damages; and such would be the damages which it could be fairly supposed the parties expected, when they made the contract, would flow from a breach thereof. It does not appear that Kelly was

engaged in the manufacture of lanterns when the contract was made, or that he contemplated engaging in the business until dies were furnished. No fact is found showing that the defendant had any reason to suppose that he would hire any workmen or persons before the dies were furnished, and it cannot be said that it was a natural and proximate consequence of a breach of the contract that he would have idle men or unused real estate causing him the expenses now claimed. Much less can it be supposed that the defendant could, when the contract was made, anticipate that the contract would be assigned and that the assignee would employ men and premises to remain idle after the defendant had failed to perform the contract and in consequence of such failure. Such damages to the assignee could not have been contemplated as the natural and proximate consequence of a breach of the contract. If we should adopt the rule of damages contended for by the plaintiff, what would be the limits of its application? Suppose instead of employing two men the plaintiff had projected an extensive business in which the dies were to be used, and had employed one hundred men, and had hired or even constructed a large and costly building in which to carry on the business, and had kept the men and the building unemployed for months and, perhaps, years, could the whole expense of the men and building be visited on the defendant as a consequence of its breach of contract? If it could we should have a rule of damages which might cause ruin to parties unable from unforeseen events to perform their contracts.

The damages allowed by the referee in this case are special damages, not flowing naturally from the breach of the contract, and, we think, the only damages such an assignee in a case like this can recover is the difference between the contract-price of these dies and the value or cost of the dies if furnished according to the contract. Even if Kelly could have recovered special damages, we see no ground for holding that his assignee, of whose connection with the contract the defendant had no notice, could recover special damages not contemplated when the contract was made.

We are, therefore, of opinion that the award of damages made by this judgment was not justified by the facts found, and that the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.