### A. VUCCINO & CO. v. BROWN.

(Supreme Court, Appellate Term.   February 28, 1905.)

CONTRACTS—BREACH—DAMAGES—PLEADINGS.

>  In an action on a contract requiring the delivery of certain labels to plaintiff, he alleged that owing to their nondelivery "he was not able to keep the contracts for the delivery of goods on which said label was to have been contained, and has lost trade and custom by reason thereof." There was no general allegation of damage, or any allegation of other damage except the loss of trade and custom.  *Held*, that without allegation of special circumstances the damages claimed were too remote, and not such as might have been within the contemplation of the parties.
>
>  McCall, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by A. Vuccino & Co. against Charles E. Brown.  From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals.   Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Walter Large, for appellant.
Maxwell C. Katz, for respondent.

SCOTT, J. In my opinion, the complaint was insufficient, and the demurrer should have been sustained. To recover for a breach of contract, there must be pleaded: First, the contract; second, the breach; and, third, that the plaintiff suffered damage. The last allegation is as important as either of the others, because, if there has been no damage, there can be no cause of action. The plaintiff, after alleging the contract and its breach, undertook to allege damage, and in this attempt claimed only to have been damaged in a certain sum, because owing to the nondelivery of the labels, "he was not able to keep the contracts for the delivery of goods on which said label was to have been contained, and has lost trade and custom by reason thereof, to the plaintiff's damage in the sum of $360." There is no general allegation of damage, or any allegation of other damage except the loss of trade and custom. It seems to be obvious that, without the allegation of special circumstances, the damages claimed are too remote, and not the ordinary and natural measure of the damages, or such as would be the damages which it could be fairly supposed the parties expected, when they made the contract, would flow from the breach thereof. Rochester Lantern Co. v. Stiles & Parker Press Co., 135 N. Y. 209, 31 N. E. 1018. Having limited itself to the special damage pleaded, the plaintiff could not prove any other, and, having omitted to plead damage generally, there would be no room for the award of even nominal damages, if, indeed, an action like the present can be maintained merely for nominal damages.

The interlocutory judgment should be reversed, with costs to the appellant in this court and the court below, and the demurrer sustained, with leave to plaintiff to amend within 20 days upon payment of costs.

GIEGERICH, J., concurs.

McCALL, J. (dissenting). The plaintiff in this action sets up a contract, and pleads a breach thereof. Both of these elements in this case must be taken as conceded, being questions of fact. It is true that he does allege special damage, but the averments in this respect are neither vague nor ambiguous, nor do I believe the damages which he seeks to recover can be classified as either contingent or speculative, not yet can they be, in my judgment, held to be such as could not reasonably be expected to flow from any default that might arise in carrying out the terms of the contract. Beyond any question, upon such facts being proven, plaintiff would be entitled to nominal damages at least, going so far as to sustain the well and often expressed principle that, wherever there is a wrong, there should be a remedy to redress it.

I favor an affirmance.