### LEVY v. COHEN et al.

(Supreme Court, Appellate Division, First Department.    April 7, 1905.)

**1. GUARANTY—ACTION AGAINST PRINCIPAL.**

Under a guaranty of payment for work on failure of the principal debtor to pay, proceedings against such debtor are not a necessary condition to action against the guarantors.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Guaranty, § 89.]

**2. SAME—ASSIGNMENT—"DULY."**

The allegation of the complaint in an action against guarantors by the assignee of a guaranty that, with the knowledge and consent of defendants, the guaranty was "duly" assigned, is a sufficient statement that whatever was necessary to a valid assignment was done.

[Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Assignments, § 221.]

**3. SAME—GENERAL GUARANTY.**

A contract by M. to build a synagogue for a congregation being assignable, a guaranty to pay him for the work if the congregation fail to do so is a general, and not a special, guaranty, so that M. may assign it with the contract, and the guarantors be liable to the assignee.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Guaranty, § 35.]

Appeal from Trial Term, New York County.

Action by Morris Levy against Max Cohen and others. From a judgment sustaining a demurrer to the complaint (91 N. Y. Supp. 594), plaintiff appeals.    Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Harry A. Gordon, for appellant.

A. Stern, for respondents.

PATTERSON, J.    The defendants are guarantors of the performance of a contract whereby one Morris Margovitz agreed to complete for a religious corporation called Chebra Chai Odom Anshi Minsk all work on the house and synagogue of that corporation in Henry street, in the city of New York, according to plans and specifications made by an architect.    The guaranty of the defendants is in the following words:

"For and in consideration of the sum of One Dollar and other good and valuable consideration we, the undersigned, members of the Congregation Chebra Chai Odom Anshi ·Minsk, hereby severally and jointly undertake and guarantee the payment of the sum of $7,000 for the completion of the synagogue and other works at 89 Henry Street, in the City of New York, Borough of Manhattan, pursuant to a contract entered into this day by and between the said congregation and Morris Margovitz of the City of New York, and we hereby agree and undertake that we will pay the sum of $7,000, agreed upon in said contract to said Morris Margovitz, upon the failure of the said congregation to pay same as provided in said contract. And we further guarantee that upon the failure of the said congregation to make payment of any of the installments mentioned in the contract between said congregation and said Morris Margovitz, that we shall pay same, upon demand."

The guaranty was signed by all of the defendants and was acknowledged before a notary public on the 17th day of July, 1903.    It is alleged in the complaint that thereafter, and on or about the 19th of August, 1901, and before Morris Margovitz had done any work

or furnished any materials under said contract, and with the knowledge and consent of the religious corporation and the defendants, the said Morris Margovitz, for a good and valuable consideration, duly assigned, transferred, and set over to the plaintiff the said contract and guaranty, together with all his right, title, and interest therein, and that the plaintiff duly furnished all the materials and work required by the contract, except certain minor details which were expressly waived both by the religious corporation and the defendants, and the religious corporation and the defendants accepted and adopted the work done and the materials furnished by the plaintiff as a full and complete compliance with and performance of said contract; that the plaintiff did not obtain a certificate of the architect for the reason that the religious corporation and the defendants waived such requirements as to payments, and as to the balance remaining due on the contract, and that the plaintiff demanded the certificate from the architect, but said architect unjustly and wrongfully refused to give it; that there was a balance due on the contract of $4,050, and judgment was demanded for that amount.

The guaranty is one of payment, and, being such, the action is maintainable without proceeding against the principal debtor. McMurray v. Noyes, 72 N. Y. 523, 28 Am. Rep. 180. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff appealed.

The decision of the court below is based upon the assumption that the guaranty was special in its scope, and the guarantors only bound themselves to Margovitz, the original contractor; that it was not assignable, as no right of action had arisen thereon; that, although it is stated in the complaint that the assignment of the guaranty was with the consent of the defendants, such consent would not create a liability unless it were followed by a new written guaranty to the plaintiff, based on a new consideration; and in support of the last proposition the case of Evansville Nat. Bank v. Kaufmann, 93 N. Y. 273, 45 Am. Rep. 204, is cited. It is not to be controverted that where a special guaranty contemplates a trust in the person to whom it is addressed, and no cause of action arises thereon, except upon compliance with its condition by such person, no other person can accept its terms or acquire any advantage therefrom. The court below erred in assuming that this was a case of a special guaranty given because of trust or confidence reposed in Margovitz. It is a mere builder's contract, and that it was not a special guaranty is shown by the fact that, before Margovitz did anything whatever under the contract, it was assigned to the plaintiff with the consent of the defendants. It is assumed by the court below that the consent given was not followed by a new written guaranty to the plaintiff. If that is at all material, in view of the nature of the guaranty, the complaint is sufficient, for it alleges that, with the knowledge and consent of the defendants, Margovitz, for good and valuable consideration, duly assigned the guaranty. "Duly," in legal parlance, means "according to law." It does not relate to form, merely, but includes both form and substance.

Brownell v. Town of Greenwich, 114 N. Y. 527, 22 N. E. 24, 4 L. R. A. 685. The allegation is sufficient to show that whatever was necessary to constitute a valid assignment was done. But we are of the opinion that the assignment of the original contract carried with it an assignment of the guaranty. Not being a special guaranty, that result was operated. The writing states that the defendants severally and jointly undertook and guarantied the payment of $7,000 for the completion of a synagogue and other work, pursuant to contract. The promise and undertaking of the defendants is that the guarantors will pay the sum agreed upon in said contract to said Morris Margovitz upon the failure of the congregation to pay, and that is all. It is evident from this that the purpose was to secure the building of a synagogue, and when, before anything was done, the defendants consented to the assignment of the contract and guaranty to the plaintiff, they intimated by their action that there was no special reliance upon Margovitz as the builder. As said before, the original contract was assignable. The rule is stated in N. Y. Bank Note Co. v. Hamilton Bank Note Co., 180 N. Y. 291, 73 N. E. 51, as follows:

"Doubtless the general rule is that an executory contract not necessarily personal in its character, which can, consistent with the rights and interests of the adverse party, be sufficiently executed by the assignee, is assignable, in the absence of agreement in the contract. Devlin v. Mayor, etc., 63 N. Y. 8; New England Iron Co. v. Gilbert Elevated R. Co., 91 N. Y. 153; Rochester Lantern Co. v. Stiles & Parker Press Co., 135 N. Y. 209, 31 N. E. 1018."

The original contract being assignable, and there being no trust or confidence reposed in Margovitz, the guaranty must be regarded as a general one, and passes with the principal obligation, for it is entirely immaterial to whom the money was paid, so long as the contract was performed. Everson v. Gere, 122 N. Y. 290, 25 N. E. 492. Notwithstanding its being a guaranty to pay Margovitz, it is one which he could assign with the principal contract, as was held in Stillman v. Northrup, 109 N. Y. 480, 481, 17 N. E. 379.

The interlocutory judgment should be reversed, and the demurrer overruled, with costs, with leave to the defendants to withdraw demurrer and to answer the complaint within 20 days from the services of the order to be entered on this decision, and on the payment of costs in this court and in the court below. All concur.