LORENZO COPPOLA, Appellant, *v.* ISIDOR KRAUSHAAR, Respondent.

*Contract with a groom to furnish a gown for the bride — measure of damages where by reason of a breach thereof the wedding was "broken."*

The complaint in an action alleged that on January 3, 1902, the plaintiff ordered of the defendant two gowns for his betrothed, telling the defendant that he was to wed on January 19, 1902, and that he was incurring great expense for the wedding feast; that the defendant agreed, in consideration of fifty dollars, ten dollars of which was then paid to him by the plaintiff, to furnish the gowns on or before January eighteenth; that on January eighteenth the plaintiff and his betrothed demanded the gowns, but that the defendant wholly failed in performance; that in consequence of such failure the wedding appointed for January nineteenth "was broken" by the lady and that the expenses "which the said plaintiff went to in buying presents, wines, clothes, and other expenses" to the extent of $500, were "expended uselessly." The plaintiff demanded judgment for said sum of $500.

The plaintiff did not allege that either of the two gowns ordered from the defendant was the bridal gown or that he told the defendant of the consequences stated in his complaint to have resulted from his failure to deliver the gowns.

*Held*, that the damages alleged in the complaint were, with the exception of the ten dollars which the plaintiff paid to the defendant on account, too remote to have entered into the contemplation of the parties at the time the contract was made, and that consequently the plaintiff was not entitled to recover such damages;

That the complaint did, however, state a cause of action for the ten dollars paid upon account, and that it was consequently improper for the court to dismiss the plaintiff's complaint at the opening of the trial before any evidence had been taken.

APPEAL by the plaintiff, Lorenzo Coppola, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 9th day of December, 1903, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term.

*Nelson L. Keach* [*Achille J. Oishei* with him on the brief], for the appellant.

*Isidor Wasservogel* [*Abraham I. Spiro* with him on the brief], for the respondent.

JENKS, J. :

The plaintiff was dismissed at trial, before testimony was taken, because he had not stated a cause of action.    The question presented is on the pleading.    (*Ketchum* v. *Van Dusen*, 11 App. Div. 332; *Spies* v. *Michelsen*, 2 id. 226.)

The plaintiff complains that on January 3, 1902, he ordered of the defendant two gowns for his betrothed, to be made after model 4,846; that the defendant was told at the time that plaintiff was to wed on January 19, and was incurring great expense for the wedding feast ; that defendant agreed in consideration of fifty dollars, of which he then received from the plaintiff ten dollars, to furnish the gowns to the woman on or before January 18 ; that on January 18 the plaintiff and his betrothed demanded the gowns, but that the defendant wholly failed in performance ; that in consequence of such failure the wedding appointed for January 19 " was broken " by the lady, and the expenses " which the said plaintiff went to in buying presents, wines, clothes, and other expenses" to the extent of five hundred dollars, were " expended uselessly ; " wherefore he demands damages in said sum.

The suit is novel in view of the damages laid — so novel that one is almost tempted to conjecture that the pleader has lost sight of the distinction between breach of contract and breach of promise of marriage.    (See *Smith* v. *Sherman*, 4 Cush. 408.)    It cannot be said that the damages alleged were the immediate and necessary result of the breach, or to have entered into the contemplation of the parties when they made the contract.    Although the plaintiff impressed the necessity of performance by January 18, by stating the occasion of the need, he did not foretell the consequences now alleged.    He does not allege that either of the " two dresses" was the bridal gown. In Sedgwick on Damages (8th ed. § 159) it is said : " In *Booth* v. *Spuyten Duyvil R. M. Co.* (60 N. Y. 487) CHURCH, C. J., stated as his opinion, that notice of the object of the contract would not, of itself, change the measure of damages, ' unless it formed the basis of an agreement.' "    On the other hand, there is nothing alleged to show or permit the inference that the defendant could or should contemplate that his default would result in even a postponement of the wedding feast, much less that the wedding would be " broken," whatever that term may import.    And it must import more than a mere post-

ponement inasmuch as it is alleged that the expenses for presents, wines and clothes were useless; yet presents, wines and clothes bought in view of a wedding are only useless when the wedding is not only postponed but does not come to pass. Before the defendant can be held to these alleged damages for them I think that the parties must have had in contemplation that the wedding would never occur if the defendant failed to furnish the " two dresses " on the day before the appointed time. Sedgwick on Damages (8th ed. § 129) says that " the true test would seem to be whether the action of the intervening agency was such as was to be expected to happen upon the defendant's act: if it were so to be expected, the result is not remote." While such a disappointment would naturally be keen to any prospective bride, it was hardly to be contemplated, in the absence of specific warning, that she would forever refuse to wed if those " two dresses " were not forthcoming before the day set for the ceremony. The damages are too remote. (*Hadley* v. *Baxendale*, 9 Exch. 341; *Rochester Lantern Co.* v. *Stiles & Parker Press Co.*, 135 N. Y. 209; *Dodds* v. *Hakes*, 114 id. 261; *Griffin* v. *Colver*, 16 id. 489.)

But I think that it was error to dismiss the complaint. In *Coatsworth* v. *Lehigh Valley R. Co.* (156 N. Y. 451, 457) the court say: " The facts stated are admitted by the demurrer. Hence, the only question is whether a cause of action is alleged or can be fairly gathered from all the averments contained in the complaint. A demurrer upon that ground can be sustained only when it appears that, after admitting all the facts alleged or that can by reasonable and fair intendment be implied from them, the complaint fails to state a cause of action. (*Marie* v. *Garrison*, 83 N. Y. 14; *Sanders* v. *Soutter*, 126 N. Y. 195.) Under the more recent authorities, pleadings are not to be construed strictly against the pleader, but averments which sufficiently point out the nature of the pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action. (*Rochester R'way Co.* v. *Robinson*, 133 N. Y. 242, 246.)" Under the pleadings in the present action the plaintiff could give evidence of a breach of contract. He had paid ten dollars in part consideration to the defendant. Abbott in his Trial Brief on the Pleadings says (p. 187): " In an action for unliquidated damages for a breach of contract, if an

executed consideration appears by the complaint the omission to allege damages is not ground of demurrer, because plaintiff is entitled to recover at least nominal damages, and in such case the insertion of a claim for damages not recoverable on the facts alleged may be disregarded on demurrer. It is the better opinion that the same rule applies even in cases where the consideration is wholly executory and damages are not liquidated, and that, in such cases also, a breach without showing how plaintiff was pecuniarily damaged is enough against demurrer. But the authorities are in conflict." Even if plaintiff were entitled to but nominal damages he should not have been dismissed. (*Devendorf* v. *Wert*, 42 Barb. 228 ; *Levy* v. *Curtis*, 1 Abb. N. C. 189 ; *Mills* v. *Gould*, 42 N. Y. Super. Ct. 119, 123 ; *Quin* v. *Moore*, 15 N. Y. 434.) If he stated facts which constituted a cause of action, the pleading was not demurrable, although the good statement was based upon a wrong theory and although he specified only items of damage to which he was not entitled. (*Ketchum* v. *Van Dusen*, *supra*, and authorities cited ; *Hemmingway* v. *Poucher*, 98 N. Y. 281, 287 ; *Chatfield* v. *Simonson*, 92 id. 209, 218.) He certainly has stated facts which require the inference that he was damaged ten dollars. But on the other hand he has not stated any facts which permit the inference that he has suffered any other actual damage save that alleged which is too remote. He is, however, entitled to a reversal, although at best he may ultimately gain a Pyrrhic victory.

The judgment should be reversed, with costs.

HIRSCHBERG, P. J., WOODWARD, RICH and MILLER, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.