(79 Misc. Rep. 28.)

### FINKELSTEIN v. SELWITZ.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

1. SALES (§ 418*)—BREACH BY SELLER—MEASURE OF DAMAGES.

   Where a manufacturer contracts to manufacture and deliver merchandise, knowing that the purchaser has placed orders to resell, the measure of damages for a breach by the manufacturer is the difference between the market price at the time and place of delivery and the agreed price, if the goods are obtainable in the market, and, if not, then the difference between the contract price and the price at which the purchaser placed his orders for a resale, less his expense saved from the contract not being carried out.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

2. SALES (§ 416*)—EVIDENCE—PLEADING.

   Where, in an action for breach of a contract to manufacture and deliver merchandise bought for resale, the complaint stated a cause of action, it was error to exclude plaintiff's evidence that he endeavored to buy goods of the character contracted for in the open market, though the complaint did not state the measure of damages to which such evidence would be pertinent.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1171, 1172; Dec. Dig. § 416.*]

3. SALES (§ 418*)—BREACH—DAMAGES.

   In an action for breach of a contract to manufacture and deliver merchandise bought for resale, the purchaser is entitled as general damages to the difference between the market price at the time and place of delivery and the price at which defendant agreed to sell, though he fails to prove special damages.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

Appeal from City Court of New York, Trial Term.

Action by Irving Finkelstein against Abraham Selwitz. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

House, Grossman & Vorhaus, of New York City (Charles Goldzier and Gerald B. Rosenheim, both of New York City, of counsel), for appellant.

Louis Nahemow, of New York City (Max D. Steuer and Julian Arthur Leve, both of New York City, of counsel), for respondent.

GERARD, J. The complaint alleges that on or about October 19, 1910, in consideration of the agreement on the part of the plaintiff to pay the sum of $6.75 for each garment, the defendant promised and agreed with plaintiff to manufacture for him 585 ladies' coats and to make delivery at certain specified times, that the plaintiff at the time of the making of such contract had orders for such merchandise at a price on which he would have realized a profit of about $2,000, and that he had informed the defendant of the fact that he had such orders and would realize such profits, and that said agreement was made in view of such orders and such anticipated profits; and the plaintiff alleged that, by the failure of the defendant to perform, the plaintiff lost the profits which would have been realized as aforesaid, and sustained injury to his damage in the sum of $2,000, and demanded judgment for the sum of $2,000 and costs. At the conclusion of the plaintiff's case, defendant moved to dismiss the complaint, on the ground "that plaintiff has wholly failed to establish any measure of damages"; and this motion was granted, after plaintiff had asked leave to go to the jury on the question of damages sustained by the plaintiff.

[1] Upon the breach by a manufacturer of a contract to manufacture and deliver merchandise, where the manufacturer is advised at the time when the contract is made that the purchaser has placed orders to resell the merchandise, and the contract was made in view thereof, the measure of damages is the difference between the market price at the time and place of delivery and the price at which the manufacturer agreed to sell and deliver the goods, if the goods are obtainable in the market, and, if not, then the difference between the contract price and the price at which the purchaser had placed his orders for a resale, less his expense in carrying out the contract. Ideal Wrench Co. v. Garvin Machine Co., 92 App. Div. 187, 87 N. Y. Supp. 41, affirmed 181 N. Y. 573, 74 N. E. 1118; Lowenstein v. Hargraves Mills, 141 App. Div. 232, 125 N. Y. Supp. 1090.

[2, 3] The learned court below excluded testimony offered by plaintiff tending to show that the plaintiff had endeavored to buy goods of the character contracted for in the open market. Even if the plaintiff failed to prove special damage, he was entitled to recover as general damage the difference between the market price at the time and place of delivery and the price at which the defendant agreed to sell and deliver the goods.

We think that the complaint here contained sufficient allegations of general damage; but, even if it did not, if the complaint stated facts that constituted a cause of action, the evidence should not have been excluded, although plaintiff specified only items of damage to which

he was entitled. As was said in Colrick v. Swinburne, 105 N. Y. 503, at page 507, 12 N. E. 427, at page 428:

"The complaint was sufficiently specific to authorize the recovery of whatever legal damages were recoverable for the wrong. * * * The complaint averred a legal wrong and a resulting pecuniary injury, and it was competent for the court, under the complaint, to adjust the recovery upon the true basis." "It is not material that the plaintiff did not demand the precise damage to which he was entitled, or that he mistook the true rule of damages in his complaint."

See, also, Coppola v. Kraushaar, 102 App. Div. 306, 92 N. Y. Supp. 436.

The judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.